UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN AOUN,

    Plaintiff,

v.

ALI SAYED, et al.,

    Defendants.
_____/

Case No. 25-10685
Hon. Jonathan J.C. Grey

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 2), DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF No. 4), AND DENYING AS MOOT PLAINTIFF'S MOTION TO STAY PROCEEDINGS (ECF No. 7)

On March 4, 2025, Plaintiff Hassan Aoun filed a complaint against Defendants Ali Sayed, Hype Athletics, and Safe House Rehabilitation Center (collectively, "Defendants") alleging defamation, false light invasion of privacy, intentional infliction of emotional distress, negligence, and violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (ECF No. 1) On March 11, 2025, Defendants removed the case to this Court from the Wayne County Circuit Court. (*Id.*) On March 12, 2025, Aoun moved to remand the case. (ECF No. 2.) On March 25, 2025, Defendants filed a motion to dismiss

each of Aoun's claims. (ECF No. 4.) On April 16, 2025, Aoun filed a motion to stay, requesting that the Court rule on his motion to remand instead of considering Defendants' motion to dismiss. (ECF No. 7.) Aoun further requested the Court sanction Defendants for wasting judicial resources and harassing a pro se plaintiff. (*Id.*) All parties agree that HIPAA does not establish a basis for this Court's jurisdiction and removal ensued solely due to Sayed's HIPAA claim. (ECF No. 2; ECF No. 4, PageID.52.) For the reasons that follow, Aoun's emergency motion to remand the case is **GRANTED**. Defendants' motion to dismiss is **DENIED as moot**. Aoun's motion to stay is **DENIED as moot**.[1]

## I.  BACKGROUND

On March 3, 2025, Ali Sayed allegedly appeared on a podcast posted on Facebook in which he discussed addiction. (ECF No. 1, PageID.9.) At one point during the podcast, Sayed alleged that the "subject of discussion was addicted to heroin." (*Id.*) Aoun believes that the "specific timeline of events" and other details provided during the podcast could lead reasonable members of the public to conclude the statements

---

[1] The Court finds that oral argument will not aid in its disposition of the motions; therefore, it rules without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

"referred to [Aoun]" even though Sayed never explicitly mentioned him. (*Id.*) During the podcast, Sayed referenced the passing of Aoun's son and other identifying events on the podcast, which Aoun alleges provided additional context to the public that Aoun was the subject of Sayed's discussion. (*Id.*) Aoun claims that he never gave Sayed, Hype Athletics, or Safe House Rehabilitation Center consent to disclose his private medical information which included "details of substance abuse treatment and addiction history." (ECF No. 1, PageID.11)

## II.   LEGAL STANDARD

28 U.S.C § 1441 governs removal of a civil case to federal court; allowing removal when the "district courts of the United States have original jurisdiction" over the matter. 28 U.S.C. § 1441(a). The burden of proving jurisdiction rests with the "party seeking removal." *Eastman v. Marine Mech. Corp.* 438 F.3d 544, 549 (6th Cir. 2006). Here, Defendants initially based their removal on federal question jurisdiction pursuant to 28 U.S.C. § 1331, which grants the district courts original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." The scope of federal question jurisdiction under 28

U.S.C. § 1441(c)² is identical to the standard applied under 28 U.S.C. § 1331. *Eastman*, 438 F.3d at 549. To establish federal question jurisdiction, a party musth show that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* Courts shall remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C § 1447(c). All doubts as to subject matter jurisdiction should be "resolved in favor of remand." *Eastman*, 438 F.3d at 550 (citation and internal quotation marks omitted).

## III. ANALYSIS

### A. Aoun's Motion to Remand

While the parties agree that Aoun's HIPAA claim does not provide this Court with jurisdiction and that "there is no private right of action under HIPAA;" Defendants' seek dismissal of all of Aoun's claims and assert that the Court should not remand any claims to Wayne County Circuit Court. (*See* ECF Nos. 2, 4.)

---

² Although the *Eastman* court cites to 28 U.S.C. § 1441(b) in its opinion, the statute has since been revised so that the language cited in *Eastman* currently refers to 28 U.S.C. § 1441(c). *See Eastman,* 438 F.3d at 549. Therefore, the Court will change any *Eastman* references to the proper citation, 28 U.S.C. § 1441(c).

4

First, the Court finds that the parties accurately state that HIPAA does not confer a private right of action, so the Court lacks subject matter jurisdiction over plaintiff's complaint as all the other asserted claims remain rooted in Michigan law. In *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citations omitted), the court determined that HIPAA did not create an express private cause of action because there are no terms in the federal statute that permit a claimant to bring a claim in federal court. Further, the court found that HIPAA did not create an implied private right of action because it focuses on "regulating persons that have access to individually identifiable medical information" and does not confer "privacy rights upon a specific class of individuals" *Id.* HIPAA limits "enforcement of the statute to the Secretary of Health and Human Services." *Id.* While the Ninth Circuit is the first and only federal court of appeals to fully address this issue, its conclusion that HIPAA does not create a private right of action has been acknowledged and upheld by the Sixth Circuit Court of Appeals, this Court, and other district courts in this district. *See, e.g. Thomas v. Dep't of Health and Hum. Servs., Off. for C. R.*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018); *Thomas v. Univ. of Tenn. Health Sci. Ctr. at Memphis*, No. 17-5708, 2017

WL 9672523 *2 (6th Cir. Dec. 6, 2017); *Micks-Harm v. Nichols*, No. 18-12634, 2019 WL 4781342, at *4–5 (E.D. Mich. Sept. 30, 2019); *Jones v. Healthcare*, No. 1:08-cv-9, 2008 WL 687496, at *3 (E.D. Tenn. Mar. 11, 2008).

Second, as noted above, a case must be remanded to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C § 1447(c). While Defendants erroneously removed this matter to federal court on March 11, 2025, Defendants obviously knew, on March 25, 2025, at the time they moved to dismiss Aoun's entire complaint, that the Court lacked subject matter jurisdiction over any of Aoun's claims. "The statute declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 89 (1991) (quoting 28 U.S.C. § 1447(c)) (emphasis added). Accordingly, the Court finds that remand is warranted and required, and the Court will not address Defendants' motion to dismiss.

### B. Aoun's Request for Sanctions

Finally, the Court is troubled by Defendants' removal of a case that they clearly knew was not removable. Federal Rule of Civil Procedure

6

11(b)(3) requires parties to "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions [submitted to the Court] are warranted by existing law[.]" The Court may issue sanctions if a party fails to comply with Rule 11(b). Fed. R. Civ. P. 11(c).

     Here, Defendant's March 25, 2025 motion to dismiss clearly acknowledges that Aoun could not bring a claim under HIPAA because it does not establish a private cause of action, yet Defendants relied upon Aoun's HIPAA claim to justify removal on March 11, 2025. (*See* ECF Nos. 1, 4, 6.) The Court believes the proximity of time between the removal and the motion to dismiss suggests that Defendants were aware that Aoun's HIPAA claim was unavailing. Aoun further claims that Defendants removed this case soon after he filed a motion for an injunction in the state court case, which supports the assumption that Defendants were knowingly delaying the state court proceedings. (ECF No. 2, PageID.18, 22–29.) Aoun has requested that the Court sanction Defendants in light of the financial burden he has faced, as a pro se plaintiff, contesting this removal. (ECF No. 7, PageID.85.)

While the Court agrees with Aoun, it will not issue sanctions against Defendants under Rule 11(b). Instead, pursuant to 28 U.S.C. § 1447, the Court finds it proper to award Aoun his just costs and actual expenses, including attorney fees, incurred as a result of Defendants' removal of this case. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court strongly considered sanctioning Defendants in light of their improper removal, so Defendants are duly advised to take greater precaution when filing motions in federal court.

## IV. CONCLUSION

Accordingly, Aoun's emergency motion to remand (ECF No. 2) is **GRANTED**.

**IT IS HEREBY ORDERED** that this case **SHALL BE REMANDED** to the Wayne County Circuit Court.

**IT IS FURTHER ORDERED** that the pending motion to dismiss and pending motion to stay (ECF Nos. 4, 7) are **DENIED AS MOOT** due to lack of original jurisdiction.

**IT IS FURTHER ORDERED** that Defendants must **REIMBURSE** Aoun for any just costs and actual expenses, including attorney fees, incurred as a result of Defendants' removal of this case.

**IT IS FURTHER ORDERED** that Aoun must provide the Court with a brief, detailed description of his actual expenses **on or before September 5, 2025.**

**SO ORDERED.**

Date: August 27, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 27, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
